H. G. MIDDLEDITCH, TRUSTEE IN BANKRUPTCY, *v.* JOHN W. CATHCART AND WIFE, AND PERCY M. POND.

MOTION TO DOCKET AND DISMISS APPEAL.

ARGUED JANUARY 4, 1909.            DECIDED JANUARY 8, 1909.

HARTWELL, C. J., WILDER, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF BALLOU, J.

APPEALS—*notice within five days in cases of interlocutory orders.*
    An appeal allowed from an order overruling a demurrer must be taken by filing notice of it within five days after the order.

OPINION OF THE COURT BY HARTWELL, C. J.
(Circuit Judge Robinson Dissenting.)

This is a motion by the plaintiff to docket the case and dismiss the defendants' appeal from an order of the circuit judge,

filed December 21, overruling the defendants' demurrer, from which the judge, December 28, filed an order that the defendants be "allowed an interlocutory appeal to the supreme court." December 29 the defendants filed a notice of this appeal with a bond for costs to accrue reciting that they had paid accrued costs. The ground on which the motion is based is that the notice was not filed within five days after December 21 when the order overruling the demurrer was filed. The plaintiff claims that the appeal allowed by the judge, termed in his order "an interlocutory appeal," is subject to the statutory requirement (Sec. 1859 R. L.) of notice of appeal within five days as well as paying costs accrued and depositing a bond for $50 for payment of costs further to accrue, while the defendants insist that notice of appeal is not required by the statutory provision (Sec. 1859 R. L.) that "Appeals may be allowed upon like terms as to filing bond and payment of costs, by the circuit judge in his discretion from decrees overruling demurrers or from interlocutory judgments, orders or decrees whenever the circuit judge may think the same advisable for the more speedy termination of litigation. The refusal of the circuit judge to allow an appeal from an interlocutory judgment, order or decree shall not be reviewable by any other court."

The question presented is whether the statute relating to appeals from interlocutory decrees excludes by implication the necessity of filing notice of appeal in five days as required in other cases. The right of appeal having been held to be restricted to final decrees the statute was amended in 1898 by authorizing the judge in his discretion to allow appeals in the cases above mentioned. The statute (Sec. 1864 R. L.) allowing a party to except to rulings in matters of law in any trial before a circuit court, reducing the same to writing and presenting them to the judge within ten days was also amended by the provision that "Bills of exceptions upon like terms as to filing bond and payment of costs, may be certified to the supreme court

from decisions overruling demurrers or from other interlocutory orders, decisions or judgments, whenever the judge in his discretion may think the same advisable for a more speedy termination of the case."

The amendments should be treated alike. If the latter amendment does not dispense with the requirement that the exceptions be reduced to writing and presented to the judge for allowance and signed by him within ten days, or such further time as he may desire, then the former amendment does not dispense with the requirement that the appeal be taken by filing written notice in five days. An appeal consists in filing such notice within the time stated, and becomes effective to arrest judgment and to stay execution upon payment of costs and filing bond for future costs within ten days. It is not until allowance of a bill of exceptions and the deposit of $25 or filing bond of that amount for costs to accrue "that the questions arising thereon shall be considered by the supreme court." (Sec. 1865 R. L.) The exercise by a judge of his discretionary power to allow an appeal from interlocutory orders is not itself an appeal. The party allowed to do so can take the appeal in no other way than by filing his notice of it within five days after the order allowing it was made. To hold otherwise would be to remove all limit of time within which appeals in such cases could be allowed. This could not have been the intention of the amendment.

The defendants should have obtained an allowance of this appeal in time for them to take it within five days from the order by filing their notice that they did so.

Appeal dismissed.

*A. S. Humphreys* for plaintiff.

*F. W. Milverton* for defendants.

DISSENTING OPINION OF CIRCUIT JUDGE ROBINSON.

I respectfully dissent. In my judgment the time within which notice of appeal may be given and within which such

appeal may be perfected by filing bond and payment of costs, in case of appeal from a decree overruling a demurrer or from an interlocutory judgment, order or decree, upon allowance of such appeal by a circuit judge, as provided by section 1859, R. L., runs from the date of the order allowing such appeal and not from the date of the judgment, order or decree from which the appeal is desired. Any other view must, necessarily, limit, as to time at least, the exercise of the discretion vested by the legislature in the circuit judge in the matter of the allowance of such an appeal, and abridge the time of the appellant within which to give notice of and perfect such appeal.