GILLSON D. BELL *v.* ENGELS COPPER MINING COMPANY, A CORPORATION, WILLIAM ENGELS AND HENRY ENGELS.

No. 1084.

MOTION TO DISMISS.

ARGUED MAY 7, 8, 1918. DECIDED MAY 11, 1918.

COKE, C. J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD IN PLACE OF KEMP, J., DISQUALIFIED.

APPEAL AND ERROR—*interlocutory exceptions.*

Where a party before final judgment seeks to have an interlocutory order in a term case reviewed in the supreme court he

must reduce his exception to writing and present it to the trial judge for allowance and certification to the supreme court within ten days of the making of the interlocutory order sought to be reviewed under circumstances like those disclosed by the record in this case.

*Per Curiam*: In this cause an order was made orally by the court below on the 16th of February, 1918, dismissing the special plea of the defendant to the jurisdiction of the court which order was entered in the clerk's minutes and to which defendant then orally excepted.  February 20 a written exception to said order was presented to the judge who allowed the same and such exception was filed on February 21, on which day a written order dismissing said plea to the jurisdiction of the court, bearing date February 16, was filed; on the same day the judge made and signed an order allowing the defendant an appeal from the interlocutory order dismissing the said plea to the jurisdiction of the court and on the same day the defendant filed in the court below notice of appeal from said order and bond on such appeal.  Thereafter, doubtless coming to the conclusion that an appeal would not lie in this, a term case, and on March 8, the defendant left with the clerk of the trial court a bill of exceptions, the judge then being absent having left his office at about 4 p. m.; later the same day one of the attorneys for the defendant saw the judge at his residence, informed him that he had left a bill of exceptions with the clerk, asked him if it was all right, and understood the judge to say that it was; March 13 plaintiff filed objections to the proposed bill of exceptions of the defendant upon various grounds, the principal one being that the order excepted to is interlocutory and no exception thereto was reduced to writing, served and presented within the time required by law; March 18 the circuit judge made a certificate at the foot of the bill of exceptions which is as follows:

"I hereby certify that I was not absent from Honolulu on March 8th, 1918, but was on the bench and at my chambers during office hours of said day; that after office hours of said day and at about 5 o'clock p. m. Mr. R. A. Vitousek called on me at my home and told me he had filed this bill of exceptions with Mr. Arthur E. Restarick, clerk of the circuit court, first circuit, assigned to the second division, and presented to me an order further extending time for the defendant to plead which he desired me to grant and which I did grant; that I made no objection to the presentation of the bill of exceptions to the clerk instead of to me in person, and I hereby certify and allow the foregoing bill of exceptions upon the ground that the same is advisable for a more speedy termination of the case."

March 21, the defendant filed a bond for all costs accrued and further costs to accrue in this court upon a hearing of the said bill of exceptions.

The plaintiff moves to dismiss the exceptions upon the ground that the order sought to be reviewed by the bill of exceptions is interlocutory; that the bill of exceptions was not certified as and for an interlocutory bill of exceptions within the time and in the manner provided by law.

The order sought to be reviewed is interlocutory. We regard the certificate of the circuit judge as sufficient to show that he allowed the bill of exceptions as an interlocutory exception so that the order excepted to might be reviewed in this court "for a more speedy termination of the case."

The motion to dismiss raises the important question of practice as to the time within which an exception to an interlocutory order must be certified to this court for review. Section 2513 R. L., prior to the amendment of 1898, related to exceptions generally, such as could be reviewed after judgment, provided two ways of preserving exceptions and contained a general provision as to incorporating in a bill of exceptions after verdict, or judgment when there is no

verdict, all exceptions of record in the case. This statute contained, before amendment, the present provision that "A party may allege exceptions to * * * any ruling or order, and the same being reduced to writing in a summary mode, and presented to the judge within ten days after the * * * ruling or order objected to * * * shall be allowed by the judge," or within such further time as the judge may in his discretion allow. This provision is for the purpose of preserving of record exceptions taken during the progress of the case. This proviso then follows: "That if any such exceptions are reported by a stenographer or entered in the judge's minutes they need not be written out or presented to or allowed or signed by the judge within such time, but may be written out at the request of the party taking such exceptions and allowed and signed by the judge and filed with the clerk at any time." We find the provision as to bills of exceptions in the following language contained in the proviso: "And any such exceptions, whether so reduced to writing in a summary mode and allowed and signed by the judge, or so written out, whether allowed or signed by the judge or not, or filed with the clerk or not, may at any time within twenty days after verdict or when there is no verdict, after judgment rendered * * * or such further time as may be allowed by the judge, be incorporated in a bill of exceptions and presented to the judge." This statute contemplates that exceptions to interlocutory rulings or orders shall be preserved either in the one way or the other and that only one bill of exceptions shall be presented, and it after verdict if there is one, or judgment if there is no verdict. The time fixed by the statute for reducing to writing an exception to an interlocutory ruling or order which is not reported by a court stenographer or entered in the judge's minutes is ten days or such further time as the judge in his discretion may allow. The time fixed for presenting a bill of excep-

tions into which are incorporated the exceptions taken during the progress of the case up to the verdict, or judgment if there is no verdict, is twenty days or such further time as the judge in his discretion may allow. Under this statute the correct practice when a party seeks to have an interlocutory ruling or order reviewed in this court prior to judgment is to reduce to writing in a summary mode his exceptions, making a part thereof by reference or setting out the same in *haec verba* those parts necessary to a determination of the questions raised by his exceptions and have them certified by the judge to this court for review so as to expedite the final termination of the case. Query: In what time must this be done?

Before the amendment of this statute in 1898 an interlocutory ruling or order was not subject to review in this court prior to final judgment. That amendment, so far as important here, is as follows: "Bills of exceptions upon like terms as to filing bond and payment of costs, may be certified to the supreme court from decisions overruling demurrers or from other interlocutory orders, decisions or judgments, whenever the judge in his discretion may think the same advisable for a more speedy termination of the case." In the case at bar there was no extension of time in which to reduce to writing the exception to the interlocutory order sought to be reviewed shown by the record, and that exception is not such as would usually or probably be entered in the judge's minutes or reported by the court stenographer in his minutes. We interpret the statute to mean that the exception to an interlocutory order sought to be reviewed should be reduced to writing and presented to the judge for allowance within ten days, which was not done in the case at bar. The exception which was reduced to writing and allowed and signed by the judge and filed February 21, did not set out the plaintiff's complaint, summons, plea of defendant to the jurisdiction of the court, or

the order dismissing the plea, nor did it by reference make them parts of the exception; but we are not called on to decide upon the sufficiency of that exception owing to the fact that it was not certified to this court for review. If it had been sufficient, which we do not decide, it was within time and could have been certified by the judge to this court for review of the order excepted to so as to expedite the termination of the case. Act 40 S. L. 1898, which contains the foregoing amendment, also contains a similar amendment to a preceding section of the same chapter granting appeals whereby an appeal from an interlocutory order may be allowed by the trial judge for a more speedy termination of the case. These two amendments are in the same act and were both doubtless enacted for the same end and purpose, to wit, to expedite the termination of cases by authorizing the review of interlocutory rulings and orders prior to judgment. In *Middleditch* v. *Cathcart,* 19 Haw. 299, it was suggested that these two amendments should be treated alike and it was there held (in a chambers case) that the interlocutory appeal must be allowed within five days from the making of the ruling or order sought to be reviewed and not within five days from the allowance of such appeal by the trial judge. If the interlocutory appeal must be taken within five days by parity of reason it should be held that an interlocutory exception must be presented to the trial judge within ten days under circumstances such as are disclosed by the record in this case, and we so hold.

The exception which was certified was not presented to the judge within the time required by the statute and the motion to dismiss must be sustained.

This conclusion makes it unnecessary to determine what is meant by the words "upon like terms as to filing bond and payment of costs" found in the amendment to the statute and whether the costs must be paid and bond given

within a certain given time, and that question, which we realize is of considerable importance to the bench and bar of the Territory, is left open for determination when it becomes necessary so to do. It is also unnecessary to decide whether leaving the bill of exceptions with the clerk and calling the attention of the judge to that fact under the circumstances disclosed in the record before us was a sufficient presentation to the judge, and we do not pass on that question.

The motion to dismiss will be sustained and it is so ordered.

*E. C. Peters* for the motion.

*J. W. Cathcart* and *R. A. Vitousek* contra.